# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| DAVID WAYNE CRIM § | |
| § | |
| V. § | CASE NO. 4:11-CV-00570-RAS-DDB |
| § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY ADMINISTRATION § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED**

## HISTORY OF THE CASE

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on August 17, 2009, claiming entitlement to disability benefits due to the following impairments: ruptured discs, bone spurs, nerve damage in the lower back, hip and leg problems, high blood pressure, and anxiety. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on July 9, 2010. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff, the ALJ's vocational expert, Russell Bowden, and medical expert, Dr. Alvin Oguejaofor, all testified.

On August 27, 2010, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on August 11, 2011.

Therefore, the August 27, 2010 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.

2. The claimant has not engaged in substantial gainful activity since October 15, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairment: chronic lumbar pain, status post two surgeries at L4-5 (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets of medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift up to 20 pounds occasionally, 10 pounds frequently, stand and walk 6 hours of an 8 hour workday, sit 6 hours of an 8 hour workday and push and pull unlimited except as shown for lift and carry as defined in 20 CFR 404.1567(b). The residual functional capacity is based on the evidence of record and testimony at the hearing.

6. The claimant is capable of performing past relevant work as a manager, career technical skill coordinator and facilities maintenance instructor. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from October 15, 2008, through the date of this decision (20 CFR 404.1520(f)).

(T.R. 14-17).

**STANDARD OF REVIEW**

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

**SEQUENTIAL EVALUATION PROCESS**

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant

suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fourth step.

## ANALYSIS

Plaintiff brings three points of error. First, Plaintiff contends that the ME's telephonic testimony violates 20 C.F.R. § 404. 950 and § 404.936(c). Three observations are made. First,

4

neither party attached the relevant regulations as required by the Court's order. *See* Dkt. 9. Second, Plaintiff's counsel failed to object to the testimony by phone and waived any complaint. Third, the Regulations now in effect permit the ALJ to take testimony of a witness by phone. *See* 20 C.F.R. § 404.936(c)(2). So, the Court finds that point of error one should be overruled.

Further, if there was a "technical violation" of the then existent regulation, it is no big deal or, in other words, it is harmless error. Procedural perfection in administrative proceedings is not required. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). Plaintiff's skilled counsel is no stranger to administrative proceedings, and, if he wanted the ME to set his eyes on Plaintiff, he should have informed the ALJ.

Plaintiff's second point of error is that the ALJ did not properly evaluate the medical evidence. Plaintiff contends that, since Dr. Patel's opinions were neither accepted nor rejected by the ALJ, such is an abuse of discretion and error of law. Essentially, Dr. Patel found that Plaintiff had chronic low back pain and that Plaintiff's x-rays were surprisingly normal. Dr. Patel was a consultative examiner and not a treating source. The ALJ is not required to give such opinions controlling weight. *Andrews v. Astrue*, 917 F. Supp.2d 624, 637 (N.D. Tex. 2013). The ME testifies that Patel's consultative exam "pretty much encapsulates" Plaintiff's physical problems. TR 60. As the ME testified, Plaintiff had degenerative disease of his lumbar spine. The ME acknowledged that Plaintiff is unable to heel/toe walk. This was the same finding as Dr. Patel. He credits Dr. Patel's notes stating that Plaintiff has chronic low back pain.

The ALJ did cite to other records which indicate that the objective medical tests do not support his subjective complaints. *See* Exs. 2F; 13F. Although the Commissioner argues that it was the prerogative of the ALJ to reject Patel's conclusions, the Court notes no inconsistency. All Patel stated was that Plaintiff's ability to sit, stand and get around is limited as described above. All Patel

5

stated in his overall impression was that Plaintiff had chronic back pain, had surgery, and had an MRI which revealed facet overgrowth and foraminal narrowing. The ME stated that this pretty much encapsulated Plaintiff's medical history. Point Two should be overruled.

Plaintiff's third point of error is that the ALJ did not properly evaluate the VE's testimony. The ALJ gave the VE three hypothetical questions. The first question assumed that Plaintiff could do light work. The VE testified that his past employment would allow him to do light work. In the other two hypothetical questions, the ALJ significantly limits Plaintiff to which the VE testified that Crim would not be able to perform his past employment in the light work category.

The ALJ provided an opportunity for Plaintiff's representative to cross-examine the VE. There was no cross. When the ALJ includes all disabilities supported by the evidence and provides Plaintiff's counsel the opportunity to correct the hypothetical question and suggest additional disabilities not recognized by the ALJ's findings, the VE's answer to the hypothetical question can provide substantial evidence supporting a denial of such benefits. *See Bowling v. Shalala,* 36 F.3d 431, 436 (5th Cir. 1994). Plaintiff had the opportunity to cross-examine the VE about the hypothetical questions. Given the VE's testimony and Plaintiff's failure to refute the testimony, substantial evidence supports the ALJ's RFC. *See Masterson v. Barnhart,* 309 F.3d 267, 273 (5th Cir. 2002).

An ALJ can only rely on the testimony of a VE if the hypothetical question posed by the ALJ "incorporate[s] reasonably all disabilities of the claimant recognized by the ALJ, and the claimant or his representative is afforded the opportunity to correct deficiencies in the ALJ's question." *Bowling,* 36 F.3d at 436. An ALJ may pose multiple hypothetical questions. Only the question which posed the hypothetical containing the elements of the ALJ-determined RFC needed to be asked. Further, the VE's opinion is not binding on an adjudicator, but must be weighed along with

all other evidence. SSR 96–9p. In the instant case, the record demonstrates that the ALJ rejected the opinions/assessments which formed the basis for the claimant-preferred hypotheticals. There is no error.

## **RECOMMENDATION**

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be **AFFIRMED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 4th day of September, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE